IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Melvin Antonio Martinez Salas,<br><br>Petitioner,<br><br>vs.<br><br>Scotty Bodiford,<br><br>Respondent. | Case No.: 6:26-cv-00965-JD-KFM<br><br><br><br>**ORDER** |

This matter is before the Court for review of the Report of Magistrate Judge Kevin F. McDonald (the "Report"), entered under 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). (DE 8.) The Report recommends dismissing this 28 U.S.C. § 2241 petition without prejudice and without requiring Respondent to file an answer or return.[1] The time for filing objections expired, and no objections were filed. After the objection period, Petitioner filed a handwritten document titled "Notice of Removal" (DE 13). Although DE 13 is neither a timely nor a specific objection to the Report, the Court has considered it.

**A. Background**

Petitioner is a state pretrial detainee confined at the Greenville County Detention Center. He faces pending Greenville County charges identified in the

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

record as assault and battery in the first degree, resisting arrest, and attempted escape or possession of escape tools. In his Petition, Petitioner alleges that the charges were fabricated to facilitate his deportation, that he was arrested unlawfully, that he has not received a preliminary hearing or discovery, that his case has not progressed, and that his speedy trial rights have been violated. He seeks release, a bond hearing, dismissal of the charges, and an order barring rearrest absent commission of a "real crime."

The Report concluded that Petitioner had not exhausted available state remedies and that federal intervention also would be improper under *Younger v. Harris*, 401 U.S. 37 (1971). (DE 8.) In DE 13, Petitioner asserts that he was arrested before warrants were obtained, that the warrants were later presented at a bond hearing, and that the same judicial officer both issued the warrants and set bond. He invokes 28 U.S.C. § 1455, refers to what appears to be "§ 1433," alleges violations of due process and racial equality, and attaches copies of three arrest warrants and related bond entries.

**B. Legal Standard**

The Court must review de novo only those portions of the Report to which a party makes a specific objection. 28 U.S.C. § 636(b)(1). To be actionable, objections must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a

waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

When no specific objection is made, the Court need not conduct de novo review and need only satisfy itself that there is no clear error on the face of the record before accepting the recommendation. *Diamond v. Colonial Life & Accident Insurance Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

**C. Discussion**

**1. Petition for Writ of Habeas Corpus**

As ably noted in the Report, because Petitioner is detained before trial rather than pursuant to a state court judgment, the Petition is properly considered under 28 U.S.C. § 2241. A state pretrial detainee may use § 2241 to challenge the legality of detention, but principles of federalism and comity ordinarily require the detainee first to afford the state courts a fair opportunity to address the federal claims through available state procedures. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-93 (1973); *see also Durkin v. Davis*, 538 F.2d 1037, 1041-42 (4th Cir. 1976).

Nothing in the Petition, DE 13, or the attached warrants demonstrates that Petitioner fairly presented the federal claims raised here through the available state trial and appellate procedures. DE 13 asserts additional grounds for challenging the arrest, warrants, and bond proceedings, but it does not establish exhaustion.

Dismissal without prejudice, therefore, is warranted for failure to exhaust available state remedies.

Dismissal is independently warranted under *Younger*. The Supreme Court has limited *Younger* abstention to three exceptional categories, the first and core category being ongoing state criminal prosecutions. *See Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 72-73, 78 (2013). This action falls squarely within that category. Petitioner asks this Court to order his release, direct a bond hearing, and dismiss pending state charges. Such relief would directly interfere with the State's administration of its criminal proceedings.

The state proceedings implicate South Carolina's important interest in enforcing its criminal laws and provide an adequate forum for Petitioner to raise his federal defenses and constitutional claims. *See Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 431-37 (1982). Petitioner has not shown bad faith, harassment, a patently unconstitutional statute, the unavailability of an adequate state forum, or another extraordinary circumstance permitting immediate federal intervention. His allegations concerning fabricated charges, warrant irregularities, the bond proceeding, discovery, and delay may be presented to the state courts. And the Federal Speedy Trial Act does not govern prosecutions brought by state or local authorities. *See United States v. Burgess*, 684 F.3d 445, 451 (4th Cir. 2012).

The Court, therefore, adopts the Report's recommended habeas disposition. This dismissal is procedural and does not decide the ultimate merits of any properly

exhausted constitutional challenge to Petitioner's arrest, detention, bond, or prosecution.

**2. Notice of Removal**

Section 1455 prescribes the procedure for removing a state criminal prosecution; it does not itself create a substantive ground for removal. A notice must contain a short and plain statement of the grounds for removal, include copies of all process, pleadings, and orders served upon the defendant, and comply with the timing requirements of § 1455(b)(1). 28 U.S.C. § 1455(a), (b)(1). The Court must promptly examine the notice and, if it clearly appears from the notice and its exhibits that removal should not be permitted, "shall make an order for summary remand." *Id.* § 1455(b)(4).

Petitioner cites "§ 1433," but no current provision of Title 28 bearing that number authorizes removal of a state criminal prosecution. Because DE 13 refers to racial equality, the Court liberally construes it as attempting to invoke 28 U.S.C. § 1443.

Removal under § 1443(1) requires a defendant to show both that the asserted right arises under a federal law providing specific civil rights stated in terms of racial equality and that the defendant is denied or cannot enforce that right in the state courts. *See Johnson v. Mississippi*, 421 U.S. 213, 219 (1975); *see also Georgia v. Rachel*, 384 U.S. 780, 792, 800 (1966). The second requirement ordinarily must be apparent from a formal expression of state law or from an equivalent basis for a firm

prediction that the asserted federal right cannot be enforced in the state proceeding. See *Johnson*, 421 U.S. at 219.

DE 13 does not satisfy either requirement. Petitioner makes a conclusory reference to racial equality but identifies no federal law granting a specific racial-equality right implicated by these prosecutions. Nor does he identify a federal law immunizing the conduct charged such that the mere pendency of the prosecutions would itself deny a protected federal right. His allegations concerning the timing and issuance of the warrants, the identity of the judicial officer who issued the warrants and set bond, and procedural due process invoke constitutional protections of general application rather than a federal law stated in terms of racial equality. He also identifies no South Carolina law or equivalent basis showing that the state courts will not enforce an applicable federal right. Accordingly, § 1443(1) does not authorize removal.

Section 1443(2) likewise provides no basis for removal. Petitioner does not allege that he is a federal officer or agent, that he acted under the authority of a federal officer in executing duties under a federal equal-rights law, or that he is a state officer prosecuted for refusing to enforce discriminatory state law. Neither clause of § 1443(2) applies.

The notice also does not identify Petitioner's arraignment date or otherwise establish compliance with § 1455(b)(1), and the exhibits do not appear to include all process, pleadings, and orders served upon him in the three criminal matters. The

Court need not resolve those additional defects because the absence of a substantive ground for removal is independently dispositive.

It, therefore, clearly appears from the face of DE 13 and its exhibits that removal should not be permitted. The Court must summarily remand the attempted removal under § 1455(b)(4). Because the Court orders summary remand, the evidentiary hearing provision in § 1455(b)(5) is not triggered. The filing of DE 13 did not prevent the state courts from proceeding, except that a judgment of conviction could not be entered before remand. *See id.* § 1455(b)(3). Entry of this Order removes that temporary limitation.

**D. Certificate of Appealability**

A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When habeas relief is denied on procedural grounds, the petitioner must show both that reasonable jurists would find the procedural ruling debatable and that the petition states a debatable claim of the denial of a constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner has not made the required showing. The Court, therefore, denies a certificate of appealability as to the habeas disposition.

**E. Conclusion**

Accordingly, the Court ADOPTS the Report and Recommendation (DE 8), as supplemented and modified by this Order. The Petition is DISMISSED WITHOUT PREJUDICE for failure to exhaust available state remedies and, independently,

under *Younger v. Harris*, 401 U.S. 37 (1971), without requiring Respondent to file an answer or return.

To the extent DE 13 purports to remove the state criminal prosecutions identified as *State of South Carolina v. Melvin Antonio Martinez Salas*, Nos. 2025A2330209007, 2025A2330209008, and 2025A2330209012, those prosecutions are SUMMARILY REMANDED to the Greenville County Court of General Sessions pursuant to 28 U.S.C. § 1455(b)(4). Because the Court orders summary remand under § 1455(b)(4), the evidentiary-hearing provision of § 1455(b)(5) is not triggered. The Clerk shall promptly transmit a certified copy of this Order to the Clerk of the Greenville County Court of General Sessions, identifying each of the three state matters.

A certificate of appealability is DENIED as to the dismissal of the § 2241 Petition. The Clerk is directed to enter judgment and close this federal action.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
August 17, 2026

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order and the accompanying judgment within thirty (30) days from the date of entry under Rules 3 and 4 of the Federal Rules of Appellate Procedure.